UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENCOMPASS INDEMNITY COMPANY,

          Plaintiff,          Case Number 15-10340

v.                                          Honorable David M. Lawson

HANS NEUROTH, LINDA NEUROTH,
OBSTBAUM ORCHARDS LIMITED, and
KELLY JO EVERDING,

          Defendants.
_____/

## OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE

    Plaintiff Encompass Indemnity Company filed the present action seeking a declaratory judgment on the question whether it must defend and indemnify its insureds, Hans and Linda Neuroth, or their company, Obstbaum Orchards Limited, in a lawsuit presently pending in the Wayne County, Michigan circuit court. The underlying case stems from a collision between a truck driven by Hans Neuroth and a motorcycle operated by the state court plaintiff, Kelly Jo Everding. This Court has discretion whether to exercise jurisdiction in declaratory judgment actions, and because all the pertinent factors relating to the exercise of that discretion were not addressed in the plaintiff's complaint, the Court ordered the plaintiff to show cause why the case should not be dismissed without prejudice.

    Encompass responded to the show cause order. It argued that the present lawsuit involves issues of policy coverage that are separable from the subject matter of the underlying case, and that this case involves an independent dispute between Encompass and its insureds. Encompass contends that the declaratory remedy is not being used for procedural fencing, retaining jurisdiction

would not improperly encroach on state court jurisdiction or increase friction between the state and federal courts, and there is no more effective alternative remedy.

The Court sees things differently, however, because there are facts common to key issues in both lawsuits on which questions both of liability and insurance coverage will be determined. Because of the danger of inconsistent results that could arise when the related cases proceed in different forums, and because other factors favor the refusal of declaratory judgment jurisdiction, the Court will dismiss the case without prejudice.

I.

According to Encompass's complaint, the motorcycle accident occurred on August 13, 2014 in Washtenaw County, Michigan. Kelly Jo Everding was riding her motorcycle on a through street, when Hans Neuroth, driving a pickup truck, failed to yield at a stop-sign-controlled intersection, and collided with Everding. It appears that Hans Neuroth was employed at the time by Obstbaum Orchards Limited, which is a company owned by the Neuroths. Everding's state court lawsuit names Hans and Linda Neuroth, and Obstbaum Orchards as defendants seeking tort damages against them, and Encompass as a defendant seeking no-fault benefits against it.

In this case, Encompass asks the Court to absolve it of any obligation to defend or indemnify the Neuroths and their company because (1) when the pickup truck was added to the "pleasure use only" automobile liability policy issued by Encompass, the Neuroths falsely represented that they and not their company owned it; and (2) the policy explicitly disclaims coverage for "business use," and Encompass contends that Neuroth was acting within the scope of his employment at the time of the accident. Everding likely named Obstbaum as a defendant in the state court case for congruent reasons — presumably because she maintains that Obstbaum would be liable for her

injuries either as the owner of the vehicle driven by Neuroth, or because Neuroth was acting in the course of his employment at the time of the accident. Those issues, and others, must be addressed in both cases.

II.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention. "'By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.'" *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage that could impact litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, see *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir.

1986)). The Court has discretion to decline jurisdiction over a declaratory judgment action even where the parties are diverse and the amount in controversy meets the threshold. *Omaha Property and Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447 (6th Cir. 1991) ("We have repeatedly held in these insurance coverage diversity cases that the Declaratory Judgment Act grants the district courts a discretion to entertain such cases . . . .").

To assist district courts in determining whether to proceed with such actions, the Sixth Circuit in *Bituminous Casualty Corporation* cataloged five factors that it drew from its earlier precedents:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 813 (quoting *Scottsdale Ins. Co.*, 211 F.3d at 968 (citations omitted)). Unless these factors weigh in favor of entertaining the action, the federal court should abstain. *Ibid.*

### A. Settle the controversy

Sixth Circuit precedent on this factor is somewhat inconsistent. *Compare Travelers Indem. Co. v. Bowling Green Prof. Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("The district court's decision could not settle the controversy in the underlying state court litigation; thus, the first factor favors the court not exercising jurisdiction.") *with Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) ("Considering the first and second factors, while the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had

a duty to defend the insureds."). Later, however, the Sixth Circuit reconciled those cases, reasoning that "the contrary results . . . might . . . be explained by their different factual scenarios." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). This factor may favor exercising jurisdiction when the plaintiff is not a party to the state litigation or there is a legal, and not a factual, dispute in federal court. *Id*. at 556.

The Court believes that this factor favors abstention here. A decision on the coverage question in this Court will not resolve the underlying dispute between all of the named and involved parties. Moreover, all of the parties to this case are parties to the state court action, and all of the dispositive factual and legal questions presented to this Court in the present case equally well may be presented to the state court for resolution. In fact, rather than settling the controversies, a decision in this case could create a danger of inconsistent results between coverage and liability issues in different forums.

In resolving this declaratory judgment action, the Court would be required to delve into factual issues pending in the state court action. Everding presumably contends in her state court complaint that Obstbaum Orchards is liable for her injuries either as the owner of the vehicle or because Neuroth was acting within the scope of his employment while driving the truck. If either of those factual assertions is proven, Obstbaum Orchards may be required to compensate Everding. If they fail, then Hans Neuroth alone may be obligated to the plaintiff. Either way, those questions almost certainly will have to be resolved in order for the state court proceeding to reach a final conclusion, one way or the other. And those same questions would need to be addressed in the present case before the Court could resolve the declaratory claims for or against Encompass. The Court believes it is likely that the coverage question cannot be resolved fully without investigating

the underlying events and without determinations as to who owned the vehicle, what representations the Neuroths made to Encompass regarding their ownership, and the nature of Hans Neuroth's use of the truck at the time of the accident. Those same factual disputes also must be resolved in the state court to determine Obstbaum Orchards's liability. The possibility of inconsistent results is obvious. The first *Bituminous* factor favors abstention.

## B. Clarifying the legal relations

The second factor "is closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557. The relevant inquiry is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Ibid.*; *see also Northland*, 327 F.3d at 454; *but see Travelers Indem.*, 495 F.3d at 272 (holding that the second factor favored abstention because "although a declaratory judgment would clarify the legal relationship between the insurer and the insured pursuant to the insurance contracts, the judgment would not clarify the legal relationship between the parties in the underlying state action." (alterations and quotations omitted)); *Bituminous Cas.*, 373 F.3d at 814.

Allowing the ownership and use questions to be litigated and resolved — likely conclusively — in this case simply wags the dog. In their answers to the complaint, the Neuroths and Obstbaum Orchards each denied that Obstbaum Orchards "owned" the truck in question, and they also denied that Neuroth was driving the truck for work purposes. If in fact Obstbaum Orchards owned the truck, or if Neuroth was using it in the course of his work, then Obstbaum Orchards could be liable for his negligent driving. Those same proofs will determine whether or not Encompass ultimately is obligated to defend the Neuroths or to pay for the harm that Everding has suffered. The natural order of things calls for the liability facts to be decided in the injured person's forum of choice, and

for the resolution of indemnity questions to follow in the same forum. Deciding the ownership and work use issues in a separate coverage litigation only would serve to muddy the legal relationships of the parties.

### C. Procedural fencing

The courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Flowers*, 513 F.3d at 558. A plaintiff who files his declaratory judgment claim after the state proceeding has begun does not implicate the concerns of this rule. *See ibid.*; *Northland*, 327 F.3d at 454. There is no evidence that the plaintiff has acted improperly by choosing the present forum. The most that can be said is that Encompass preferred a federal court to a state court, where this action also could have been filed, and where the underlying tort action was pending when this lawsuit was commenced. There is nothing improper about that. This factor does not favor abstention.

### D. Friction between federal and state courts

The fourth factor asks whether exercising jurisdiction would increase friction between federal and state courts. The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton,* 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Green,* 825 F.2d at 1067. Therefore, "'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'"

*Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)). The Sixth Circuit articulated three sub-factors to consider when determining whether the exercise of jurisdiction would increase friction between federal and state courts. *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale,* 211 F.3d at 968). First, if the action involves resolution of factual issues being considered by the state court, federal jurisdiction is disfavored. *Flowers*, 513 F.3d at 560. The second sub-factor favors abstention when issues of unsettled state law are implicated. *See Travelers*, 495 F.3d at 272. The third sub-factor favors abstention when, as is the case for insurance contracts, interpretation of law is intertwined with state policy. *Flowers*, 513 F.3d at 561. As the *Flowers* court explained:

> The liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are central to the federal declaratory judgment action. However, sometimes resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court.

*Flowers*, 513 F.3d at 560. (internal citation and quotation marks omitted). When the latter is the case, the exercise of jurisdiction would be inappropriate. Such is the case here.

A declaratory judgment by this Court likely would determine an issue that the state court could decide differently in the underlying tort litigation. The complaint in the state tort case states claims against both the Neuroths and Obstbaum Orchards. The claims against Obstbaum Orchards turn, at least in part, on whether Obstbaum owned the vehicle and whether Neuroth was driving the truck for the purposes of his work at the time of the accident. If the Court were to exercise jurisdiction over this action, there would be a serious risk that the factual findings and legal conclusions reached by this Court on that issue might conflict with those made by the state court. Therefore, the fourth *Grand Trunk* factor favors abstention.

E. Alternative remedy

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *Flowers*, 513 F.3d at 562. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). Moreover, Encompass acknowledged in its response to the order to show cause that "Michigan law provides an avenue to address the claims asserted in this action," and it therefore "could have presented its case to the same court that will decide the underlying tort action." *Bituminous,* 373 F.3d at 816.

III.

The Court believes that the *Grand Trunk* factors favor abstention. Following the direction of *Bituminous Casualty*, *Manley Bennett*, *Grand Trunk*, *Roumph*, and *Flowers*, the Court is constrained to dismiss the present action without prejudice.

Accordingly, it is **ORDERED** that the case is **DISMISSED** without prejudice.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated:  December 10, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2015.

    s/Susan Pinkowwki
    SUSAN PINKOWKSI